In re the MARRIAGE OF Betty Louise RIFE and Jack W. Rife.

Upon the Petition of Betty Louise Rife, Appellee,

And Concerning Jack W. Rife, Appellant.

No. 93–1689.

Supreme Court of Iowa.

March 29, 1995.

Patrick F. Curran of Vinyard & Curran, Ottumwa, for appellant.

Douglas R. Smalley of Riemenschneider, Rydell & Smalley, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

Can the corpus of a retirement plan be garnished to satisfy past-due support orders? The trial court thought yes and we agree.

Federal law protects retirement plans from misuse or invasion by such things as garnishment. 29 U.S.C. ch. 18 (employee retirement income security program [ERISA]). Exempt from this protection however are obligations known as "qualified domestic relations orders" [QDRO]. 29 U.S.C. § 1056. A QDRO is:

> [A]ny judgment, decree or order made pursuant to a state domestic relations law ... which (1) "creates or recognizes the existence of an alternative payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under the plan;" and (2) "relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child or other dependent of a par-

ticipant." 29 U.S.C. § 1056(d)(3)(B). Only "qualified" domestic relations orders are exempt from ERISA's spendthrift provisions; other domestic relations orders are expressly made subject to the anti-assignment provisions and are, as a result, preempted. *See* 29 U.S.C. § 1056(d)(3)(A). *Ablamis v. Roper,* 937 F.2d 1450, 1454 (9th Cir.1991).

The marriage between Betty Rife and Jack Rife was dissolved in 1982. Betty was awarded alimony in the amount of $500 per month. Except for two $500 payments, Jack has not paid Betty anything for the last twelve years. Meanwhile Betty was forced to receive public assistance. Jack is also in arrears for $1000 in attorney fees he was to pay under the dissolution decree. In 1982 and again in 1987 Jack was found in contempt for willfully failing to pay alimony and the attorney fees as ordered. All attempts to collect from him have been unsuccessful.

In 1993 Betty filed an application for a qualified domestic relations order. The district court entered such an order, finding that the arrearage of $117,084.32 be satisfied "after the execution of the [qualified domestic relations order] on [Jack's] pension plan[s]." The order also required that Betty be established as an alternate beneficiary under the retirement plan. Jack appeals from this order.

I. Jack complains that the federal statute is violated by the invasion of the corpus under the court order. He thinks QDROs can go only so far as a limited invasion of payments under a retirement plan. It is perhaps true that the statutory scheme is designed for the protection of retirement income. *See* Annotation, *Employee Retirement Pension Benefits as Exempt from Garnishments, Attachment, Levies, Execution, or Similar Proceedings,* 93 A.L.R.3d 711, 760 (1979). But, as between the obligor and obligee under a QDRO, we see nothing in the federal statute that prohibits invasion of the corpus.

*Mallory v. Mallory,* 179 N.J.Super. 556, 432 A.2d 950 (Ch.Div.1981), was closely analogous. The court there rejected a challenge to a garnishment against the corpus of an

IRA fund, finding the ERISA enactments "were not intended to be a vehicle for avoidance of familial support obligations of [an IRA] settlor." *Id.* at 955.

We agree, though we emphasize our holding is limited to adjudicating only the rights of Betty and Jack. We do not decide the rights of any others, including the holders of the funds.

II. Jack also claims protection under Iowa Code section 627.6(8)(e) (1995) (exempting payments from certain pensions and annuities). Betty counters by pointing to Iowa Code section 627.11 which creates a spousal exception to the exemption for those, like her, who have not remarried. We need not reach the contention because the trial court did not rule upon it and no motion to enlarge was filed pursuant to Iowa rule of civil procedure 179(b). The assignment was thus waived. *See West Branch State Bank v. Gates,* 477 N.W.2d 848, 852 (Iowa 1991).

**AFFIRMED.**